# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:12-cr-0102-TWP-MJD |
| | ) | |
| STEVEN LECCLIER, | ) | -38 |
| | ) | |
| Defendant. | ) | |

## ENTRY ON RECONSIDERATION OF DETENTION ORDER

This matter is before the Court on Defendant Steven Lecclier's ("Mr. Lecclier") request for *de novo* review of the Magistrate Judge's order of pretrial detention. Pursuant to 18 U.S.C.A. §3145(b), the district court judge must review a detention order of the magistrate judge if a motion is filed and the motion shall be determined *promptly*. This Court has reviewed the record of proceedings held on July 20, 2012, reviewed the pretrial services report (PS3) and recommendation of detention, prepared by the United States Probation Office and has considered the Motion for Reconsideration (with exhibits) filed by the Defendant and the Government's Response thereto. Additionally, the Court has reconsidered the Entry and Order of Detention Pending Trial (Dkt. 585) entered by the Magistrate Judge on September 4, 2012.

In this case, the Court finds no hearing is necessary. Based on the evidence proffered, Mr. Lecclier does not rebut the presumption that he is a serious risk of flight and danger to the community. Additionally, the Government proved by clear and convincing evidence that the Defendant is a danger to the community. Consequently, Mr. Lecclier's motion for reconsideration (Dkt. 620) is denied.

## FINDINGS AND CONCLUSIONS OF LAW

On July 3, 2012, Mr. Lecclier was charged by indictment with the unlawful use of a communication facility, in violation of 21 U.S.C. 843(b). On July 11, 2012, an initial hearing, was held and the Government filed a written motion and moved for detention pursuant to 18 U.S.C. 3142(e) and (f)(2) on the grounds that the defendant is a serious risk of flight and poses a danger to the community. A detention hearing was held on July 20, 2012. The United States appeared by Bradley A. Blackington, Assistant United States Attorney. Mr. Lecclier appeared in person and by his appointed counsel, Michael A. Slagle. At the detention hearing, both counsel for the Government and counsel for the defendant proceeded by proffer. After hearing argument from both parties, the Magistrate Judge found by a preponderance of the evidence that Mr. Lecclier is a risk of flight and by clear and convincing evidence poses a danger to the community. Mr. Lecclier was ordered detained. On September 25, 2012, over two months later, Mr. Lecclier filed the instant motion asking the Court to reconsider the Magistrate Judge's order of detention.

Based upon the Indictment, probable cause exists to believe Mr. Lecclier committed the crime charged therein. The Court takes judicial notice of the Indictment, the pleadings filed in this case, and incorporates the proffers of evidence and argument admitted during the detention hearing. Further, the Court considers the motions and exhibits submitted following the hearing. Among the factors the court should consider both on the issue of flight and dangerousness to the community are the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearances at court proceedings. 18 U.S.C. 3142 (g)(3)(A). However, the presence of community ties and family

ties has been found to have no correlation with the issue of safety in the community. *United States v Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985).

In this regard, the Court finds and concludes that the evidence in this case demonstrates the following:

Mr. Lecclier, is 64 years old. He has been disabled since May 31, 2002 (See Dkt. 620-1 at 5) due to hepatitis C, degenerative and herniated discs, and bursitis. Additionally, his attorney proffers that Mr. Lecclier suffers from COPD, emphysema and pulmonary fibrosis. Mr. Lecclier is kind and helpful to his family and friends. (See Dkt.620-2.) He had been married for 15 years and has lived in the same neighborhood during that time. Because of his disability, he does not work. Mr. Lecclier argues that because he is a senior citizen in poor health, he no longer poses a danger to the community. The Court, however, is not persuaded. Despite his physical ailments and seniority, Mr. Lecclier continues to abuse illegal drugs. He tested positive for cannabinoids (and opiates which he alleges are prescribed) at the time of his arrest. Despite suffering from pulmonary disease, he admits to using marijuana within 30 days of his arrest. Importantly, Mr. Lecclier has a history of extreme violence and disregard for authority. He has at least eight prior misdemeanor convictions and at least six prior felony convictions, beginning with Manslaughter (which was originally charged as Murder) when he was 22 years old. Additionally, Mr. Lecclier has felony convictions for offenses of Burglary of a Habitation, Assaulting an Officer, violation of the Imitation Controlled Substances Act, Felon in Possession of a Firearm and Attempted Rape and Confinement. Mr. Lecclier argues that his last felony conviction, the Attempted Rape, occurred in 1989, somehow diminishes the risk of violence. However, following his release from prison for the Attempted Rape conviction, he did not become a law abiding citizen, but continued to commit crimes and was convicted twice of operating a vehicle while intoxicated in

1995 and of patronizing a prostitute in 1999. And now, at the age of 64, Mr. Lecclier has been indicted by a federal Grand Jury and probable cause exists to believe that he committed the crime charged in the Indictment.

Having weighed the 18 U.S.C. § 3142(g)(3)(A) factors, including Mr. Lecclier's criminal history, past conduct, character, history relating to drug and alcohol abuse, and based upon the totality of the evidence, the Court finds the Government has proven by clear and convincing evidence that Mr. Lecclier poses a serious danger to the community. Further, § 3142 provides that a defendant shall be detained upon a showing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court or insure the safety of others. The Court's *de novo* determination is that the Government has met its burden and Mr. Lecclier's appeal from the Magistrate Judge's Order of Detention is denied.

## CONCLUSION

The Court's independent determination is that Defendant Steven Lecclier's Appeal from Detention Order (Dkt. 620) is **DENIED**. As no hearing was necessary, the hearing scheduled for October 11, 2012 is vacated. Mr. Lecclier shall remain committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons waiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court, or on request of an attorney for the Government, the person in charge of the correction facility shall deliver Mr. Lecclier to the United States Marshal for the purpose of an appearance in connection with the Court proceeding.

SO ORDERED

Date: 10/04/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Michael A. Slagle
SLAGLE LAW OFFICE
maslagle@gmail.com

United States Marshal Service

United States Probation Office