UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML-43 |
| DAX G. SHEPHARD, | ) ) ) |
| Defendant. | ) |

**ENTRY ON REVOCATION OF PRETRIAL RELEASE**

This matter is before the Court on the United States Probation Office's Petition for Action on Conditions of Pretrial Release (Dkt. 1709). On June 13, 2013, the Court heard evidence on allegations that Defendant, Dax Shephard ("Mr. Shephard") had violated conditions of his Pretrial Release. The Government appeared by Bradley Blackington, Assistant United States Attorney. Mr. Shephard appeared in person and by counsel, Abigail Lynn Seif. Brittany Neat appeared on behalf of the United States Probation Office. The Court took the matter under advisement and now makes its ruling. Because the Court finds probable cause exists to believe that Mr. Shephard has committed a state or local crime while on release, the pretrial release is **REVOKED.**

**I. FINDINGS AND RULING**

Mr. Shephard is charged in this multi-defendant case with Racketeer Influenced Corrupt Organizations ("RICO"). On October 29, 2012, he appeared before a Magistrate Judge for a detention hearing and was released to pretrial supervision. As a courtesy to this district, Mr. Shephard was allowed to reside in northern Indiana and was being supervised by a probation officer in the Northern District of Indiana. A condition of Mr. Shephard's release is that

"defendant must not violate federal, state or local law." On June 6, 2013 the probation officer filed a Petition for Action alleging that Mr. Shephard was in non-compliance for several reasons. One of the allegations is that on May 30, 2013, a felony charge of Theft was filed in Whitley County Indiana under cause number 92D01-1305-FD-000344 and a warrant was issued and remains active.

In support of this allegation, the Court heard testimony and received evidence that during the course of his employment as a filter repairman, with or without the permission of his employer, Mr. Shephard was able to gain access behind the pharmacy counter at a Kroger's store in Columbia City, Indiana. Mr. Shephard was observed entering the aisle where Hydrocodone was located and then left the store a short time after his arrival. Later, an inventory check in the pharmacy revealed that 400 Hydrocodone pills were missing. Video footage exists of Mr. Shephard entering the Kroger pharmacy. Mr. Shephard had also been at the Plymouth, Indiana Kroger pharmacy and a Mishawaka, Indiana Kroger pharmacy and Hydrocodone was also found to be missing from these pharmacies. A sworn affidavit for probable cause was made by a Columbia City police officer. Probable cause was found to issue a warrant for Mr. Shephard's arrest, and on May 31, 2013 a charge of felony theft was filed in the Whitley Superior Court.

The Federal Bail and Reform Act provides that a person released pending trial is subject to revocation of release, an order of detention, and prosecution for contempt of court for violation of a condition of release. (See 18 U.S.C. § 3148(a)). The revocation hearing is not a formal trial and the Federal Rules of Evidence need not apply. Fed. R. Evid. 1101(d)(3).5(c). Proof beyond a reasonable doubt is not required and the Court need only find probable cause to believe that the person has committed a crime while on release. 18 U.S.C. § 3583(b)(1)(B). If there is probable cause to believe that, while on release, the person committed a felony, a

rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. (18 U.S.C. § 3148(b) (2)). In *U.S. v Quirion,* 808 F. Supp.2d 343 (2011) the court found there was probable cause to believe that while he was on release defendant committed the state crime of theft by unauthorized taking, in violation of the condition of release that he not violate any federal, state or local law while on release; as the government had produced a reliable police report, as well as a state criminal complaint sworn to and filed in state court attesting to the theft charge.

While admittedly the actual evidence against Mr. Shephard is circumstantial, the probable cause affidavit, pending state court charges and arrest warrant, provide sufficient evidence to support a finding of probable cause that Mr. Shephard has committed a crime while on pretrial release. Further, the Court finds Mr. Shephard has not rebutted the presumption that he will not pose a danger to the safety of the community or abide by other conditions. Therefore, the Court finds Mr. Shephard in violation of the conditions of his pretrial supervision and his pretrial release is **REVOKED.** Mr. Shephard is remanded to the custody of the United States Marshal and DETAINED until this matter is disposed.

**SO ORDERED.**

Date: 06/17/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Abigail Seif
EPSTEIN COHEN DONAHOE & MENDES
abbyhur@aol.com

Bradley A. Blackington
OFFICE OF THE UNITED STATES ATTORNEY
bradley.blackington@usdoj.gov

Doris Pryor
OFFICE OF THE UNITED STATES ATTORNEY
doris.pryor@usdoj.gov

United States Probation Office

United States Marshal Service