UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML-20 |
| | ) |
| CHARLES N. ERNSTES, II (20), | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT ERNSTES' MOTION TO SEVER

This matter is before the Court on Defendant Charles N. Ernstes's ("Mr. Ernstes") renewed Motion to Sever (Dkt. 2055). The Court previously denied Mr. Ernstes's motion for severance on May 17, 2013, but indicated it would revisit the issue at a later date (Dkt. 1670). Mr. Ernstes contends that joining him for trial with co-defendants is improper under Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)"), or is otherwise improper under Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)"). For the following reasons, Mr. Ernstes's motion (Dkt. 2055) is **DENIED**.

Rule 8(b) provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Court finds that joinder is proper in this instance. Mr. Ernstes is charged in Count Five with co-defendant Joshua Bowser of conspiring to participate in the extortionate collection of a loan. This count serves as a predicate racketeering act used by the Government to satisfy the "pattern of racketeering activity" element of the RICO statutes, which are included in Count One. Because Count Five is incorporated into Count One, joinder satisfies Rule 8(b).

Rule 14(a) provides that a court may sever defendants' trials if joinder "appears to prejudice a defendant or the government." Mr. Ernstes argues that he will be prejudiced by spillover evidence from the other, unrelated, counts tried. He specifically notes that he is not implicated in the wiretap surveillance evidence the Government intends to use as evidence against the co-defendants. Furthermore, Mr. Ernstes argues that he will be personally prejudiced by the length of trial because he owns and runs a business. He asks the Court to exercise the Court's judicial management discretion to alleviate the prejudice a long trial would cause.

The Government responds that Rule 14(a) does not support severance, because it would defeat the interests of judicial economy and Mr. Ernstes has not established prejudice. The Government reiterated its previous arguments against severance that proper jury instructions can ameliorate potential prejudice. Further, it argues, the Seventh Circuit has rejected "evidentiary spillover" as a basis for severance. *See United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) ("[A]s a basis for requiring severance, 'evidentiary spillover' has been rejected."). Finally, the Government argues that any prejudice to Mr. Ernstes's business does not implicate a "specific trial right" that would require severance.

The Court finds that Mr. Ernstes has not established prejudice that would strip him of a fair trial. For severance under Rule 14(a), a defendant "must be able to show that the denial of severance caused him actual prejudice in that it prevented him from receiving a fair trial." *United States v. Carter*, 695 F.3d 690, 700–01 (7th Cir. 2012). "Even if the defendants can show prejudice, that alone may not necessarily suffice for them to prevail; limiting instructions will often cure any risk of prejudice, and tailoring relief from prejudice is within the district court's discretion." *Id.* at 701. Although the jury will hear evidence not applicable to Mr. Ernstes, the Court will instruct the jury to consider only evidence relevant to Count Five as applicable to Mr.

Ernstes. Moreover, judicial economy favors joint trials, especially whereas here, the evidence against Mr. Ernstes is identical to the evidence against co-defendants to support a racketeering act under Count One. Finally, the Court is sympathetic that a long trial may affect Mr. Ernstes's business, but given the interest in judicial economy, the Court will not use Mr. Ernstes's business as independent grounds to sever. The Court previously notified parties of the trial schedule (Dkt. 2040), which may alleviate pressure on Mr. Ernstes's business.

Accordingly, Mr. Ernstes's Motion to Sever (Dkt. 2055) is **DENIED**. Mr. Ernstes will be tried as scheduled, beginning **Monday, September 9, 2013**.

**SO ORDERED.**

Date: 08/19/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brent Westerfeld
bwesterfeld@wkelaw.com

Gustin J. Raikos
gusto66@hotmail.com

James C. McKinley
ATTORNEY AT LAW
jmckinley@justice.com

Michael Eugene Allen
ATTORNEY AT LAW
mallenatty@aol.com

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Mark D. Stuaan
BARNES & THORNBURG LLP
mstuaan@btlaw.com

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY
DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY
DEFENDERS
monica_foster@fd.org

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov