# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00102-TWP-DML-48 |
| ) | |
| FRANK JORDAN (48), ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Frank Jordan's ("Mr. Jordan") Motion to Dismiss pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment to the U.S. Constitution. For the reasons set forth below, Mr. Jordan's Motion to Dismiss (Dkt. 2213) is **DENIED**.

## I. BACKGROUND

The first Indictment in this case was returned on July 11, 2012. Although Mr. Jordan was not charged, 42 individuals were charged in a thirty-seven count Indictment of various charges including violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). On October 17, 2012, Mr. Jordan was charged in the First Superseding Indictment with conspiracy to distribute cocaine in Count 16 and unlawful use of a communication facility in Count 41. Mr. Jordan made his initial appearance on October 25, 2012.

Prior to Mr. Jordan being named in the Indictment, on July 16, 2012 the Government filed a Motion to Establish Discovery Schedule and Continue Trial Date. On August 6, 2012, the Court granted the Motion, noting that none of the Defendants opposed the Government's Motion to continue the jury trial. The Court found that given the number of Defendants and the nature of

the prosecution of the Indictment, this matter was a "complex case" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, the Court found it was unreasonable to expect the parties to prepare for trial in the time allotted under the Speedy Trial Act. Therefore, the ends of justice served by continuing the trial date outweighed the best interest of the public and Defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). The original trial date was vacated and a status conference was set for September 6, 2012.

On September 6, 2012, the Court held a status conference, at which the Government and several defense attorneys asked for a December pretrial conference at which the Court could determine a firm trial date. The Government argued the complexity of the case and possible addition of more defendants—including the eventual addition of Mr. Jordan—supported further continuance. There was no objection among Defendants, and the Court scheduled a pretrial conference for December 14, 2012. Again, the Court found that the ends of justice served by the continuation of a trial date outweighed the best interests of the public and Defendants to a speedy trial.

In October 2012, Mr. Jordan and eight additional Defendants were added in the First Superseding Indictment, bringing the number of defendants charged to fifty-one and the number of counts to forty six.. The Court held a pretrial status conference on December 11, 2012. Mr. Jordan and his counsel appeared. At the conference, Defendant Thomas Griffin, Jr. moved to continue the trial date from December 17, 2012, to a later date. Several Defendants joined in the motion and no one objected to the motion. Mr. Jordan's counsel stated that Mr. Jordan waived "the speedy trial rights for the purposes of the December 17th trial date, but I'm not sure we waive it in perpetuity. So, if there were such a long delay, we may want to assert this right again." Then, the Court inquired to the parties about setting a firm trial date. The Government

informed the Court it had collaborated with Defense counsel to set a series of trial preparation deadlines and to pick September 3, 2013, as a trial date. The Court then set September 9, 2013, as the firm trial date. Defense counsel for the lead defendant, Joshua Bowser, spoke on behalf of the defense and accepted the new date on the record. There were no objections from any defense attorney. In continuing the trial date, the Court found that the ends of justice served by the continuance of the trial date outweighed the best interests of the public and Defendants to a speedy trial.

On March 18, 2013, Mr. Jordan filed a Motion to Sever his case from that of co-Defendants' (Dkt. 1385). Mr. Jordan contended that if his case were severed, the Court could not continue his trial later than September without a specific exception from the Speedy Trial Act. The Court resolved Mr. Jordan's motion at the final pretrial conference held May 17, 2013. In addition to Mr. Jordan's Motion to Sever, the Government filed a proposal for severance (Dkt. 1634). The Court accepted the proposal, which severed Mr. Jordan and co-Defendant Jose Diaz from the trial of RICO Defendants. In discussing the scheduling of the severed trials, counsel for Mr. Jordan argued that Mr. Jordan's Speedy Trial rights entitled him to a trial earlier than September 9, 2013. The September 9, 2013 trial was expected to last for 6 to 8 weeks. The Government argued that Mr. Jordan, in not objecting to the September 9, 2013, trial date at the December conference, waived the time period up and until September 9, 2013. Further, it argued that due to the preparation for the September 9, 2013, trial it would be unable to adequately prepare for an August 2013 trial. Therefore, the Court set Mr. Jordan and Mr. Diaz for trial on November 4, 2013. The Court found that because Mr. Jordan moved for severance, any reasonable delay resulting from a continuance of his trial was exempt from the Speedy Trial Act calculation, pursuant to 18 U.S.C. § 3161(h)(1)(D).

On September 19, 2013, Mr. Jordan filed this Motion to Dismiss contending that the continuance of his trial to November 4, 2013, violated his Speedy Trial Act and Sixth Amendment rights. Additional details will be discussed below as necessary.

## II. **LEGAL STANDARD**

The Speedy Trial Act requires criminal trials to begin within 70 days of an Indictment or defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act recognizes certain delays as justifiable and permits these periods of time to be excluded from the 70-day clock. *United States v. Napadow*, 596 F.3d 398, 402 (7th Cir. 2010). If a defendant is not timely brought to trial under the Speedy Trial Act, "the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with evidence in connection with any exclusion of time under subparagraph 3161(h) (3)." 18 U.S.C. § 3162(a)(2). The Court considers several factors in its determination to dismiss with or without prejudice, including: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

The Sixth Amendment guarantees a defendant's right to a speedy trial. In determining whether a defendant's Sixth Amendment right has been violated, the Court applies a four-part balancing test. *United States v. Ellis*, 622 F.3d 784, 791 (7th Cir. 2010). The factors are: 1) the length of the delay; 2) the reasons for the delay; 3) the defendant's assertion of his speedy trial right; and 4) the prejudice to the defendant caused by the delay. *Id.*

## III. DISCUSSION

### A. Speedy Trial Act

Mr. Jordan contends the charges against him should be dismissed under the Speedy Trial Act. First, he contends that the period between his initial appearance and the pretrial conference on December 11, 2012, should not be excluded because no exception applies to Mr. Jordan. The Government contends that under normal circumstances, Mr. Jordan's contention would be correct. However, in this case, the Court had previously entered an order pertaining to 42 of Mr. Jordan's co-Defendants charged in the original Indictment. In other words, the Court had already found this case to be complex and vacated the original trial date satisfying the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, when Mr. Jordan entered the case, he was subject to a tolling of his speedy trial rights under the ends of justice requirement. Mr. Jordan's reply does not specifically address the Government's argument on this time period.

The Speedy Trial Act excludes from the 70-day computation any delay attributable to the filing and resolution of any co-defendant's motions. 18 U.S.C. § 3161(h)(1)(D); *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994). The Court finds that once Mr. Jordan was joined with the 42 co-Defendants named in the Indictment, the exclusion of time due to the continuance requested by Defendants in September became imputed to Mr. Jordan. Therefore, his speedy trial clock was tolled. Alternatively, even if Mr. Jordan's co-Defendants' motions could not be imputed to him, and the 47 days between his initial appearance and pretrial conference on December 11, 2012 are counted, Mr. Jordan's speedy trial rights have still not been violated.

Second, Mr. Jordan contends that the continuance on December 11, 2012, upon motion by the Defendants—including Mr. Jordan—was unsupported and included an unreasonable delay of 9 months. At the time the Court granted the continuance of trial until September 9, 2013, Mr.

Jordan's counsel had requested that a continuance "not be lengthy." The Court then set the trial date in September 2013 and noted that the ends of justice outweighed the best interest of the public and Defendants to a speedy trial, given the complexity and enormity of the preparation required to try this matter. Mr. Jordan did not object to the trial date nor indicate that the delay was considered too "lengthy" or unreasonable. Instead, Mr. Jordan affirmatively requested a continuance and accepted the new trial date given.

Although the Court noted at the December 11, 2013 conference and in its minutes that the delay was excusable through the ends of justice requirement, the Government has requested the Court to supplement the record. Where the Court does not enter specific findings into the record contemporaneously with the continuance, such findings "may be recorded later provided they are 'put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).'" *United States v. O'Connor*, 656 F.3d 630, 642 (7th Cir. 2011) (quoting *Zedner v. United States*, 547 U.S. 489, 506–07 (2006)).

The Court now enters its specific findings into the record. At the December 11, 2013 pretrial conference, the parties informed the Court that they had conferred and devised a pretrial schedule for purposes of disclosure of evidence, expert witness disclosures, pretrial motions, disclosure of transcripts, and disclosure of Jencks Act materials. The parties further agreed to a trial date of Tuesday, September 3, 2013, the Tuesday after the Labor Day holiday; to which the Court suggested Monday, September 9, 2013. Jury selection would begin however on Friday, September 6, 2013. The parties agreed. The Government further estimated that the trial would last between 6 and 8 weeks, and would involve 3,500 pages of discovery, 20,000 wiretaps, and over 100 witnesses. Given this volume of discovery and evidence, the Court found that failure to grant a continuance would deny the parties—both the Government and all Defendants—

reasonable time necessary for effective preparation, and therefore a fair trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties had agreed, and no one objected, to the September 9, 2013 date as a reasonable delay to allow adequate preparation. The Court is allowed to consider whether the failure to grant a continuance would deny both counsel for defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the Court concludes that the time period between December 11, 2012 and September 9, 2013 is excludable under the Speedy Trial Act.

Third, Mr. Jordan contends that assuming the co-defendant exclusion under 18 U.S.C. § 3161(h)(6) applies, this reason would not apply after May 17, 2013, when Mr. Jordan's Motion for Severance was granted. Specifically, Mr. Jordan argues that the Court should have given him a trial date before September 9, 2013 to comply with his speedy trial rights. At the May 17, 2013 conference, the Court noted it had an August 2013 trial date available. The Government responded that it would not have adequate resources to prepare for an August 2013 trial date given the impending September 9, 2013 RICO trial, from which Mr. Jordan had requested to be severed. Finding this response to be reasonable, the Court set Mr. Jordan's trial for November 4, 2013.

The Government argues, and the Court agrees, that at the conference on December 11, 2012 Mr. Jordan accepted the continuance through September 9, 2013, and that delay was excludable. Mr. Jordan is not entitled to a retroactive dialing back of the speedy trial clock by virtue of his Motion for Severance granted at the May 17, 2013 conference. Despite the Court's acknowledgement of an available date prior to September 9, 2013, Mr. Jordan was subject to the

continuance to September 9, 2013. His decision to move for continuance created the delay that followed.

Fourth, Mr. Jordan contends that the Court failed to consider his speedy trial rights when it set a November 4, 2013, trial. Specifically, Mr. Jordan argues that the Court failed to make particularized findings to comply with the Speedy Trial Act. Again, the Court notes that its findings may be recorded at a later date, including when ruling upon a defendant's motion to dismiss under § 3162(a)(2). Therefore, the Court now puts its specific findings into the record. The Court finds that the ends of justice outweighed the best interests of the public and Defendant in a speedy trial. At the time of the May 17, 2013 status conference, thirteen Defendants remained scheduled for trial. Mr. Jordan sought to be severed from a trial estimated to last between 6 and 8 weeks, for which the Government was expending significant resources. In response to Mr. Jordan's motion for severance, the Court reasonably delayed the Mr. Jordan's trial date to allow the Government time to adequately prepare for his trial, in light of the then-estimated 6 to 8 week trial beginning on September 9, 2013. Although Mr. Jordan asserted an interest in his speedy trial rights, he did not specifically object to the November 4, 2013 trial date and the Court was not required to turn the clock back to provide Mr. Jordan an August trial date. Given these facts, the delay beyond September 9, 2013, is properly excusable under the Speedy Trial Act.

Finally, at best, Mr. Jordan has seen 47 days run on his speedy trial clock. His November 4, 2013 trial date does not violate his rights under the Speedy Trial Act so that dismissal is warranted. Therefore, Mr. Jordan's Motion to Dismiss on this issue is **DENIED**.

**B.     The Sixth Amendment**

The Court will examine Mr. Jordan's Motion to Dismiss under the four-part test to determine if his Sixth Amendment rights have been violated.  First, Mr. Jordan correctly argues that "[d]elay approaching one year is presumptively prejudicial."  *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009).  The time between Mr. Jordan's initial appearance and trial date is approximately 375 days.  Second, Mr. Jordan argues that the Government caused much of this delay by charging Mr. Jordan with 50 co-Defendants. However, this fact cannot be considered intentional or negligent on behalf of the Government. As stated earlier, the nature of the prosecution under the indictment made this a complex case.  The investigation of this case was lengthy and uncovered multiple incidents of criminal behavior, including RICO violations, extortion, substantive drug offenses, wire fraud, firearms violations, and evidence of an alleged drug conspiracy involving Mr. Jordan. The co-Defendants were properly joined, and their joinder does not weigh against the Government under this factor. Third, although Mr. Jordan asserted his speedy trial rights in December 2012 and May 2013, Mr. Jordan also joined in and filed motions that attribute to the delay.  And, importantly, Mr. Jordan did not specifically object to any of the trial dates.

Fourth, Mr. Jordan argues he has been prejudiced by the delay.  The Supreme Court has identified three interests which can be prejudiced by delays:  "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."  *Barker v. Wingo*, 407 U.S. 514, 532 (1972).  The third interest is the most serious.  *Id.*  Mr. Jordan argues that his incarceration exacerbates the prejudice he is suffering because it prevents him from adequately preparing his defense. However, Mr. Jordan makes no specific allegations of prejudice, for example he and does not

assert that any evidence or witnesses have disappeared as a result of the delay or otherwise explain how being detained in Kentucky[1] has caused him to be prejudiced. It is not unique or inherently prejudicial for a charged individual to be detained while waiting for trial. Mr. Jordan has not established any other prejudice that would warrant a finding that his Sixth Amendment rights have been violated. Therefore, Mr. Jordan's Motion to Dismiss on this issue is **DENIED.**

### IV. CONCLUSION

Accordingly, Mr. Jordan has not established that his rights under the Speedy Trial Act and Sixth Amendment to the U.S. Constitution have been violated. His Motion to Dismiss (Dkt. 2213) is therefore **DENIED**.

**SO ORDERED.**

Date: 10/15/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gregory P. Bowes
GREG BOWES LEGAL SERVICES, P.C.
greg@gregbowes.pro

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

---

[1] Counsel should be aware that he merely has to contact the U.S. Marshal's office if he wishes to have his client transported to the Indianapolis area for client meetings or trial preparation.