# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML |
| | ) |
| MICHAEL A. KNOLL (02), | ) |
| DAX G. SHEPHARD (43), | ) |
| | ) |
| Defendants. | ) |
| | ) |
| BOB HENSON, and | ) |
| J.T. COLLETT, | ) |
| | ) |
| Intervenors. | ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Petitions for Relief from Preliminary Order of Forfeiture for Defendants Michael Knoll (Dkt. 2263) and Dax Shephard (Dkt. 2322), filed by Intervenors', Bob Henson and J.T. Collett. Each petition includes a request for hearing. The Government has moved to dismiss the petitions (Dkts. 2437 and 2362) for failure to satisfy the statutory requirement that such a petition shall be signed by the petitioner under penalty of perjury. In response, Intervenors have filed for leave to refile their petitions with an affirmation under penalty of perjury (Dkt. 2437). The Government has further moved for final forfeiture of Defendant Michael Knoll's interest in the Indianapolis property at issue (Dkt. 2444) and of Defendant Dax Shephard's interest in the Fort Wayne property at issue (Dkt. 2445). Additionally, Intervenors have filed a Motion for Discovery (Dkt. 2496). Intervenors have also filed a successive petition to vacate or amend forfeiture (Dkt. 2530).

## I. BACKGROUND

Michael Knoll and Dax Shephard were charged along with 49 other persons in a forty-six count Superseding Indictment. Mr. Knoll was charged with one count of Racketeering Influenced and Corrupt Organizations ("RICO") and related offenses, and the indictment sought the forfeiture of real estate located at 305 North Jefferson Avenue and 2202–2204 East New York Street, Indianapolis, Indiana, pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). On July 25, 2013, the Court accepted Mr. Knoll's plea agreement with the Government that contained pleas of guilty to Counts One, Six, and Eight of the Superseding Indictment and an agreement to forfeit the real estate located at 305 North Jefferson Avenue and 2202–2204 East New York Street to the United States. Mr. Knoll was adjudged guilty as charged and the Court ordered the forfeiture of Mr. Knoll's interest in the real estate located at 305 North Jefferson Avenue and 2202–2204 East New York Street. On August 18, 2013, the Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 19, 2013. The Court the ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993). On September 13, 2013, the United States Marshals Service complied with the Court's order. On October 11, 2013, Intervenors filed a Petition for Relief from the Preliminary Order of Forfeiture.

Mr. Shephard was charged in the Superseding Indictment with one count of RICO and the indictment sought the forfeiture of real estate located at 1202 West Main Street, Fort Wayne, Indiana, pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). On August 15, 2013, the Court accepted Mr. Shephard's plea agreement with the Government which contained a plea of guilty to Count One and an agreement to forfeit the real estate located at 1202 West Main Street to the

United States. The Court adjudged Mr. Shephard guilty as charged, sentenced him, and ordered the forfeiture of his interest in the real estate located at 1202 West Main Street. On August 18, 2013, the Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 20, 2013. The Court ordered the Government to serve notice of its intent to forfeit this property following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993). On October 3, 2013, the United States Marshals Service complied with the Court's order. On October 29, 2013, Intervenors filed a timely Petition for Relief from the Preliminary Order of Forfeiture.

## II. DISCUSSION

The RICO statute provides that any person who violates the RICO statute shall forfeit to the United States any interest in, security of, claim against, or property which the person used to violate 18 U.S.C. § 1962. 18 U.S.C. § 1963(a). It further provides that, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 18 U.S.C. § 1963(l)(2). This provision requires that the "petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 18 U.S.C. § 1963(l)(3).

Both the petitions filed in Mr. Knoll's case and Mr. Shephard's case by Intervenors failed to comply with 18 U.S.C. § 1963(l)(3), because they were not signed under penalty of perjury. For this reason—and this reason alone—the Government seeks dismissal of the petitions. The Government is correct that the petitions are statutorily deficient and they must therefore be

**DISMISSED, but without prejudice**. The Petitions for Relief for Forfeiture in Mr. Knoll's case (Dkt. 2263) and Mr. Shephard's case (Dkt. 2322) are **DENIED**, and the Government's Motions to Dismiss the petitions in Mr. Knoll's case (Dkt. 2361) and Mr. Shephard's case (Dkt. 2362) are **GRANTED**.

However, Intervenors have filed an affirmation under penalty of perjury and seek leave to refile their petitions. The Government has not argued persuasively that the request to refile should be denied. In the best interests of justice, the Court will **GRANT** Intervenors' request to refile their petitions. However, it is not sufficient to include a separate affirmation, as was filed at docket entry 2437. Instead, Intervenors are **ORDERED**, **within fourteen (14) days of the date of this Entry**, to refile the entirety of their petitions signed under penalty of perjury. Therefore, the Motion for Forfeiture of the Indianapolis real estate (Dkt. 2444) and the Motion for Forfeiture of the Fort Wayne real estate (Dkt. 2445) are **DENIED**.

Further, the Court will **GRANT** Intervenors' Motion for Discovery (Dkt. 2496). The Government's only objection to this motion was that it was untimely. Having now ruled on the above motions, the Court finds the requests for discovery are reasonable.

Finally, the Court finds upon its own motion that Intervenors' Consolidated Memorandum and Petition to Vacate or Amend Preliminary Orders of Forfeiture Pursuant to 18 U.S.C. § 1963(l) and Federal Rules of Criminal Procedure 32.2(C) and Request for Hearing (Dkt. 2530) is duplicative. Therefore, it is **STRICKEN**.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the following motions:

- Motion to Dismiss Petition for Relief from Preliminary Order of Forfeiture (Dkt. 2361). Intervenors' are granted leave to refile their petition within fourteen (14) days

of the date of this Entry, including the petitions and an affirmation under penalty of perjury.

- Motion to Dismiss Petition for Relief from Preliminary Order of Forfeiture (Dkt. 2362); Intervenors' are granted leave to refile their petition within fourteen (14) days of the date of this Entry, including the petitions and an affirmation under penalty of perjury.

- Motion to Allow Refiling of Petitions for Relief (Dkt. 2437); and

- Motion for Discovery (Dkt. 2496).

The Court **DENIES** the following motions:

- Petition for Relief from Preliminary Order of Forfeiture (Dkt. 2263);

- Petition for Relief from Preliminary Order of Forfeiture (Dkt. 2322);

- Motion for Forfeiture of Property (Dkt. 2444); and

- Motion for Forfeiture of Property (Dkt. 2445).

The following motion is **STRICKEN**:

- Consolidated Memorandum and Petition to Vacate or Amend Preliminary Orders of Forfeiture Pursuant to 18 U.S.C. § 1963(l) and Federal Rules of Criminal Procedure 32.2(C) and Request for Hearing (Dkt. 2530).

Finally, if Intervenors' elect to re-file their petitions, including an affirmation under penalty of perjury, within fourteen (14) days of the date of this Entry, pursuant to 18 U.S.C. 1963(l) the Court will hold a hearing on the motions.

**SO ORDERED.**

Date: 01/16/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Abigail Lynn Seif
EPSTEIN COHEN DONAHOE & MENDES
abbyhur@aol.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov